# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### MARCH 1997 SESSION



**FILED**

**May 28, 1997**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | | |
|---|---|---|
| **MARK STEVEN GRIMSLEY,** | ) | **C.C.A. No. 03C01-9701-CR-00017** |
| | ) | **HAMILTON COUNTY** |
| **Appellant,** | ) | |
| | ) | **Hon. Douglas A. Meyer, Judge** |
| **VS.** | ) | |
| | ) | **(DENIAL OF PROBATION)** |
| **STATE OF TENNESSEE,** | ) | **Nos. 201904 and 201944 BELOW** |
| | ) | |
| **Appellee.** | ) | |


FOR THE APPELLANT:

JERRY H. SUMMERS
Summers & Wyatt, P.C.
500 Lindsay Street
Chattanooga, TN 37402

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

MICHAEL J. FAHEY, II
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

WILLIAM H. COX, III
District Attorney General

THOMAS J. EVANS
Assistant District Attorney General
600 Market Street, Suite 310
Chattanooga, TN 37402

LEROY PHILLIPS
Special Prosecutor
312 Vine Street
Chattanooga, TN 37402


OPINION FILED:_____


AFFIRMED


CORNELIA A. CLARK,
Special Judge

Defendant appeals as of right from the trial court's denial of probation after his plea of guilty to two counts of solicitation to commit second degree murder. He raises five issues for consideration. We affirm the judgment of the trial court.

In 1990 defendant, a successful physician, was divorced from his wife of ten years. She was granted custody of their two daughters. Defendant initially claimed that his wife was a lesbian. He later asserted that his ex-wife and her new husband were sexually abusing the two girls, as well as subjecting them to satanic cult rituals. A heated custody battle ensued. In October 1991 custody was temporarily transferred to the defendant's mother and access of both parties to the children was limited. The litigation continued until June 1992, when defendant's ex-wife was again awarded custody of their daughters. Defendant strongly disagreed with the court's custody decision, and continued to assert that his daughters were in danger.

In May 1994 the defendant, met with a TBI agent whom he believed to be a Florida hit man. He hired the agent to kill his ex-wife and as "gravy", her husband. He took the agent to their residence, drew maps of their home floor plan, described their security system, and made a $2,000.00 down payment on the $15,000.00 price to have the couple killed. He was indicted on two counts of solicitation to commit first degree murder, a Class B felony.

On January 8, 1996, defendant entered a plea of guilty under the principles of North Carolina v. Alford, 400 U.S. 25, 39, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), to two counts of solicitation to commit second degree murder, a Class C felony. The parties agreed that the defendant was a Range I standard offender and that the sentences would be run concurrently. All other sentencing issues were left open. After a sentencing hearing on April 1, 1996, the court imposed sentences of three years on each count. The court found that "the circumstances of the case were

2

especially shocking, reprehensible in excessive and exaggerated degree." The court denied defendant's request for any form of alternative sentencing, citing the need to avoid depreciating the seriousness of the offense under T.C.A. §40-35-103(b). Defendant did not file a notice of appeal, and voluntarily entered custody on May 28, 1996. A waiver of appeal was filed with and accepted by the trial court.

On August 29, 1996, while awaiting transfer to the Tennessee Department of Corrections, defendant filed a motion to suspend the remainder of his sentence. Following a hearing on September 9, 1996, that motion was denied, in part because the defendant had mailed to various churches copies of psychological reports placed under seal during the custody proceedings. No appeal was taken from that denial.

On December 6, 1996, defendant filed a second motion to suspend his sentence. A lengthy evidentiary hearing was conducted December 16, 1996, and the petition once again was denied. A timely notice of appeal was filed following that decision.

Although defendant in his brief raises issues about the trial court's actions on April 1 and September 9, 1996, those actions are not before the court in this appeal. Appeal of the original sentence was waived in writing. See Rule 37(d), Tenn. R. Crim. P. No notice of appeal was filed concerning the action taken in September 1996 and therefore the right to appeal that ruling also has been waived. Id. The only issue before us is the denial of probation on December 16, 1996.

Before a trial court may grant probation to an accused who has been sentenced to the Department of Correction and is awaiting transfer, (a) the trial court must have jurisdiction to enter the judgment, (b) the accused must be confined to the county jail or workhouse, (c) the nature of the offense and the length of the

3

sentence must not bar probation, and (d) it must be in the best interest of society and the accused to grant the accused probation. If these prerequisites are present, the trial court may grant the accused probation. State v. Karon L. Washington, No. 02C01-9510-CC-00306 (Tenn. Crim. App., Jackson, July 26, 1996). In this case the first three prerequisites have been met, and the issue before the court concerns the last prerequisite - what is in the best interest of society and the defendant. The trial court found that no material changes had occurred since the time of the original sentencing hearing or the first request for probation. The court found no circumstances that would warrant or justify suspending defendant's sentence.

We have carefully reviewed the entire record and trial court's actions on December 16, 1996. The decision to grant or deny probation at that time was within the court's discretion. We find no basis for reversal. The judgment of the trial court is affirmed pursuant to Rule 20, Tenn. R. Ct. Crim. App.

 

_____
CORNELIA A. CLARK
SPECIAL JUDGE


CONCUR:


_____
JOHN H. PEAY
JUDGE


_____
PAUL G. SUMMERS
JUDGE

4

# IN THE COURT OF CRIMINAL APPEALS TENNESSEE AT KNOXVILLE

| | | |
|---|---|---|
| MARK STEVEN GRIMSLEY, | ) | C.C.A. No. 03C01-9701-CR-00017 |
| | ) | HAMILTON COUNTY |
| Appellant, | ) | |
| | ) | Hon. Douglas A. Meyer, Judge |
| VS. | ) | |
| | ) | (DENIAL OF PROBATION) |
| STATE OF TENNESSEE, | ) | Nos. 201904 and 201944 BELOW |
| | ) | |
| Appellee. | ) | |

## JUDGMENT

Came the appellant, Mark Steven Grimsley, by counsel and also came the attorney general on behalf of the state, and this case was heard on the record on appeal from the Criminal Court of Hamilton County; and upon consideration thereof, this court is of the opinion that there is no reversible error in the judgment of the trial court.

Our opinion is hereby incorporated in this judgment as if set out verbatim.

It is, therefore, ordered and adjudged by this court that the judgment of the trial court is AFFIRMED, and the case is remanded to the Criminal Court of Hamilton County for execution of the judgment of that court and for collection of costs accrued below.

Costs of this appeal will be paid by the appellant.

**PER CURIAM**

John H. Peay, Judge
Paul G. Summers, Judge
Cornelia A. Clark, Special Judge